# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| HAYLEY MICHELLE RYBERG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-126-JEM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Hayley Michelle Ryberg on April 2, 2015, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 16], filed by Plaintiff on October 14, 2015. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 16, 2016, the Commissioner filed a response, and on February 29, 2016, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

## I. Procedural Background

On January 24, 2013, Plaintiff filed an application for a period of disability and for disability insurance benefits with the U.S. Social Security Administration ("SSA"). Plaintiff claimed disability beginning October 10, 2012. Plaintiff's application was denied initially and upon reconsideration. Plaintiff waived the right to testify at a hearing, and on October 22, 2013, Administrative Law Judge ("ALJ") William E. Sampson issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since October 10,

2012, the alleged onset date.

3. The claimant had the following medically determinable impairments: headaches, vertigo, a sensory disorder, syncopal episodes, transient altered mental status, convulsions, dizziness, blurry vision, motor restlessness, fibromyalgia, generalized muscle aches, obesity, anxiety, and panic disorder.

4. The claimant does not have an impairment or combination of impairments that has significantly limited or is expected to significantly limit the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments.

5. The claimant has not been under a disability as defined in the Social Security Act from October 10, 2012, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Facts

Plaintiff, who is obese, has been diagnosed with fibromyalgia and anxiety. She suffers from headaches, seizure activity, irritability, fatigue, insomnia, and nervousness. State agency consultants who reviewed Plaintiff's medical records concluded that her fibromyalgia is a severe impairment and that her anxiety disorder is a medically determinable impairment, although not severe within the meaning of the regulations. They concluded that Plaintiff is limited in her ability to perform full time work.

## III. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the

3

reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

4

The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's RFC, age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR 96-8p, 1996 WL 374184 (July 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**IV.    Analysis**

Plaintiff argues that the ALJ erred in finding that Plaintiff did not suffer from any severe impairments at step two of his analysis and that he failed to properly evaluate the medical and

mental health opinions in the record. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

"When a claimant produces evidence of an impairment, a determination of non-disability at step two is proper only when the medical evidence 'establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Wolms v. Barnhart*, 71 F. App'x 579, 581 (7th Cir. 2003) (quoting *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir.1986)). "When evaluating the severity of an impairment, the ALJ assesses its functionally limiting effects by evaluating the objective medical evidence and the claimant's statements and other evidence regarding the intensity, persistence, and limiting effects of the symptoms." *Thomas v. Colvin*, No. 15-2390, – F.3d –, 2016 WL 3439015, at *5 (7th Cir. June 22, 2016). The ALJ's severity determination at Step Two is "a threshold requirement," *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) (quotation omitted), or "a de minimis screening for groundless claims." *Thomas*, 2016 WL 3439015, at *5. The ALJ's Step Two analysis must be supported by substantial evidence. *Garmon v. Apfel*, 210 F.3d 374 (7th Cir. 2000).

In this case, the ALJ noted that Plaintiff suffered from medically determinable impairments, and the state agency medical consultants concluded that she suffered from severe impairments that limited her ability to work. The ALJ determined that these opinions, which limited Plaintiff to less than the full range of light work, deserved "little evidentiary weight based on the record as a whole." AR 22. Although ALJs "are not bound by findings made by State agency or other program physicians and psychologists, [] they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996).

6

Plaintiff argues that the ALJ erred in discounting the agency consultants' opinions without explaining what medical opinions deserved greater weight, leaving an evidentiary deficit. Although the ALJ described the weight he gave to the State agency assessments, he did not identify any other records to which he gave greater weight, nor did he explain how the opinions were inconsistent with the rest of the record. Although he cited generally to findings supporting his conclusion, the ALJ did not address the evidence in the record that was consistent with the consultants' opinions. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight*, 55 F.3d at 314 (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618.

The Court is particularly concerned with the ALJ's treatment of Plaintiff's fibromyalgia. He noted her diagnoses and some of the medical records that show limitations such as multiple pain trigger points and reduced range of motion, but emphasized that there have been times when medical records do not reflect musculoskeletal tenderness. The ALJ did not analyze or even mention any "physician's assessment over time of the person's physical strength and functional abilities" or the other criteria required by SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012), did not include any reference to any medical professionals who concluded that Plaintiff is not suffering from fibromyalgia or even to any medical professionals who questioned the diagnosis, and discounts the agency medical consultants' opinions that Plaintiff's fibromyalgia was a severe impairment that limited her ability to work. It appears that the ALJ is substituting his own medical determination for that of the actual medical professionals whose opinions appear in the record, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own

independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Similar problems are in evidence in the ALJ's analysis of Plaintiff's mental impairments. Rather than credit the diagnosis of anxiety disorders, the ALJ noted that there are medical reports in the record that describe Plaintiff as having normal affect, normal judgment, and behaving politely, and concluded that Plaintiff's "mental impairments are not as limiting as she suggests, for if they were, the undersigned [ALJ] would expect her to seek treatment from a mental healthcare specialist." AR 20. The Court is concerned that the ALJ engaging in the kind of "cherry-picking" of mental health evidence the Seventh Circuit Court of Appeals warns against. *See, e.g., Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[A] person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition."); *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) ("[S]ymptoms that 'wax and wane' are not inconsistent with a diagnosis of recurrent, major depression. 'A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days.'") (quoting *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)). Furthermore, failure to seek treatment may be a sign of mental disorder rather than a reason to discount its severity or question its existence. As the Seventh Circuit has emphasized, "mental illness . . . may prevent the sufferer from taking her prescribed medicines or otherwise

submitting to treatment." *Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006); *see also Martinez v. Astrue*, 630 F.3d 693, 697 (7th Cir. 2011) ("[P]eople with serious psychiatric problems are often incapable of taking their prescribed medications consistently."); *Jelinek v. Astrue*, 662 F.3d 805, 814 (7th Cir. 2011) (listing cases). Furthermore, when considering non-compliance with treatment as a factor in determining whether a claimant is impaired, an ALJ is required to make a determination about whether non-compliance with treatment is justified and develop the record accordingly. *See Thomas*, 2016 WL 3439015, at *6 ("[T]he ALJ concluded from [the plaintiff]'s gap in treatment between August 2011 and September 2012 that her symptoms were not as severe as she alleged, but, as noted, he did not explore her reasons for not seeking treatment, another error"); *Craft*, 539 F.3d at 679 ("[T]he ALJ 'must not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quotation omitted). The ALJ's dismissal of Plaintiff's alleged mental health limitations is also troubling because "fatigue, cognitive or memory problems, . . . depression, [and] anxiety disorder" are also symptoms of fibromyalgia that must be considered as part of the fibromyalgia analysis pursuant to SSR 12-2p. 2012 WL 3104869, at *3.

The ALJ also refers to Plaintiff's daily activities to indicate that her limitations are no more than minimal. However, Plaintiff's ability to perform limited housework for short periods of time and to care for her hygiene with some help does not indicate an ability to work. *See Thomas*, 2016 WL 3439015, at *6 ("The ALJ's invocation of [the plaintiff]'s activities of daily living to discount her testimony that her limitations are more than minimal also is problematic because her ability to do limited chores, cooking, and self-care says little about her ability to perform the tasks of a full-time job, much less the Step 2 threshold that any limitations would be no more than minimal.");

*Hughes v. Astrue*, 705 F.3d 276, 278-79 (7th Cir. 2013) ("We [the Seventh Circuit Court of Appeals] have remarked the naiveté of the Social Security Administration's administrative law judges in equating household chores to employment . . . And in doing these chores she is not subject to an employer's performance standard."); *Bjornson v. Astrue,* 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.").

The ALJ's analysis at Step Two was not supported by substantial evidence. On remand, the ALJ is reminded of the need to thoroughly analyze the evidence of severe impairments in the record and provide supporting evidence for his conclusions.

**V. Conclusion**

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 16] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 29th day of August, 2016.

                                      s/ John E. Martin
                                      MAGISTRATE JUDGE JOHN E. MARTIN
                                      UNITED STATES DISTRICT COURT

cc:    All counsel of record